

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:

Attention Claude A. Williams
Assistant Secretary of State

Opinion No. O-1233
Re: Is the local attorney vio-
lating the Unauthorized
practice Act by filing the
papers described for C. T.
Corporation which is not
authorized to practice law
in Texas?

We are in receipt of your letter of August 5,
1939, in which you call our attention to the following
situation, and request our opinion in connection there-
with:

"On July 14, 1939, in answer to
certain questions propounded by this
office concerning the C T Corporation
System, you held that the C T Corpora-
tion System was not authorized to rep-
resent corporations in obtaining per-
mits to do business in Texas and in
assisting corporations to incorporate
under the laws of the State of Texas.

"The Corporation Trust Company and
the C T Corporation System now seek to
present these charters and other corpor-
ate papers through a local attorney here
in Austin; in effect, they mail the papers
to him and he in turn presents them to
this office for filing. They pay him a
fee for presenting these papers.

"We request that you refer to your
Opinion No. O-977 of July 14, 1939, and
that you answer these questions:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Tom L. Beauchamp, Page 2

> "1. Is the local attorney vio-
> lating the Unauthorized Practice Act
> by filing these papers for and on be-
> half of this corporation which is not
> authorized to practice law in the State
> of Texas?
>
> "2. Would this office be authorized
> to refuse to permit this attorney, or
> any other attorney, to file applications
> for permits of foreign corporations to do
> business in Texas and other corporate pa-
> pers for the C T Corporation System or
> the Corporation Trust Company or any oth-
> er corporation attempting to practice law
> in violation of our Penal Code?"

In Opinion No. 0-977 of this department by Honor-
able Ardell Williams, it was held, among other things, that
the drawing and filing of applications for permits to do
business in Texas on behalf of foreign corporations by the
C. T. Corporation System, a Delaware corporation, at the
instance and request of members of the bars of foreign
states, constitutes the practice of law by said corpora-
tion, and that such acts are unlawful and a violation of
Article 430a, Vernon's Penal Code, namely, the Unlawful
Practice Act of Texas.

The first paragraph of Section 3 of Article 430a
was the principal basis of the above ruling. It reads as
follows:

> "It shall be unlawful for any
> corporation to practice law as de-
> fined by this Act or to appear as
> an attorney for any person other
> than itself in any court in this State,
> or before any judicial body or any
> board or commission of the State of
> Texas; or hold itself out to the pub-
> lic or advertise as being entitled to
> practice law; and no corporation shall
> prepare corporate charters or amend-
> ments thereto, or other legal documents
> not relating to its authorized business,
> or draw wills; or hold itself out in
> any manner directly or indirectly as be-
> ing entitled to do any of the foregoing
> acts; provided, that the foregoing shall

Honorable Tom L. Beanchamp, Page 3

not prevent a corporation, person or
association of persons from employing
an attorney or other agent or repre-
sentative in regard to its own affairs
in any hearing or investigation before
any administrative official or body."

It now appears that the C. T. Corporation System,
which we assume includes the Corporation Trust Company, is
seeking to do indirectly what amounts to an illegal act for
it to do directly, i.e., presenting to the Secretary of
State the applications of foreign corporations for permits
to do business, and other corporate papers, through a local
attorney in Austin. The local attorney is not representing
the C. T. Corporation System in respect to its own business
in a strict sense of the word. He is rather handling for
them as a more or less routine matter business of certain
clients of the C. T. Corporation System, i.e., filing of
papers and other corporate instruments, which it is il-
legal for the corporation itself to transact.

The C. T. Corporation System, since it is not em-
ploying an attorney "in regard to its own affairs", is not
within the purview of the following proviso in the first
paragraph of Section 3 of Article 430a, above quoted:

". . .provided, that the foregoing
shall not prevent a corporation, person
or association of persons from employ-
ing an attorney or other agent or rep-
resentative in regard to its own affairs
in any hearing or investigation before
any administrative official or body."

Section 7 of Article 430a, supra, provides:

"Any agreement by any person,
corporation, or association in viola-
tion of this Act shall be illegal and
such person, corporation, or associa-
tion shall not be able to recover for
any services rendered in violation of
this Act, either on the contract or
a quasi-contractual obligation. If
any person, corporation, or associa-
tion of persons shall, by any act or
omission in violation of this Act,
cause any loss, damage, or injury to

any person, corporation, or association
of persons, such persons, corporation,
or association of persons shall be li-
able in actual damages therefor to any
person, corporation, or association of
persons who sustained any such loss,
damage or injury; and such liability
shall be absolute and not dependent
upon any question or showing of want
of skill, care or diligence."

If the above section is not aimed at such a sit-
uation as we confront in this instance, we fail to appreci-
ate the purpose of its enactment. Obviously the C. T. Cor-
poration System and the local attorney have entered into an
"agreement . . . in violation of the Act". The whole tenor
and objective of the Unlawful Practice Act are contravened
by such an arrangement.

Of course, by "any agreement . . . in violation
of this Act" is meant primarily the contract between the
client and the corporation practicing law in violation of
the Act, but the scope of the phrase is wide enough to em-
brace an arrangement such as we have before us. The right
of the local attorney to represent a legitimate client is
unquestioned. Ho has no right to aid and abet a client in
violation of the law of this State.

The local attorney occupies the status of an agent
or representative of the corporation, appointed because of
his law license, for the purpose of circumventing the pur-
pose of a wholesome statute.

Presidio County vs. Shock, 24 Civ. App. 622,
60 S.W. 287.

"It is well understood that the
relation of attorney and client is a
relation of agency, and in its general
features is governed by the same rules
which apply to other agencies."

Of course, the attorney, as agent of his princi-
pal, is authorized to practice law, whereas his client is
not, but it is against public policy for the attorney to
assist his client in the violation of a penal law of the
State.

Honorable Tom L. Beauchamp, Page 5

The situation at hand is similar to that in which a second contract grows out of, and is connected with, a prior illegal contract, with the illegality of the prior contract entering into the new contract and rendering it illegal.

It is our opinion that the local attorney is violating the Unauthorized Practice Act, that is, Article 430a, Vernon's Annotated Penal Code, by filing applications of foreign corporations for permits to do business in Texas for and on behalf of the C. T. Corporation System, which is unauthorized to practice law in the State of Texas. We further hold that the Secretary of State may deny an attorney the right to file applications for permits for foreign corporations to do business in Texas, and other corporate papers for the C. T. Corporation System, or the Corporation Trust Company, or any other corporation attempting to practice law in violation of the Penal Code of this State.

Trusting that the above fully answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     Dick Stout

Dick Stout
Assistant

APPROVED
OPINION COMMITTEE
BY _____ CHAIRMAN

DS:FG

APPROVED AUG 15, 1939

ATTORNEY GENERAL OF TEXAS